UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF TENNESSEE


In re:

Krystal Lee Whaley                                    Debtor/Plaintiff

711 Dolly Parton Parkway #4628

Sevierville, TN 37862          *Case # 3: 23 - bk - 31483 - SHB*

Debtor/Plaintiff


WINCHESTER, SELLERS, FOSTER & STEELE, P.C.,          Creditor/Defendants

Gordon Foster, Foreclosure Trustee, Smart Bank

Creditor/Defendants

Suite:1000 First Horizon Plaza

800 South Gay Street

Knoxville, TN 37872


MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION


Your Honor,

I am the guarantor & beneficiary in a trust that holds a significant business interest in a property owned by a limited partnership currently facing foreclosure. I filed for bankruptcy, listing the creditor involved in the foreclosure on the original bankruptcy filing, with a commitment to address their claim within the context of the bankruptcy case.

I would like to bring to the court's attention the unique ownership structure in this case. The debtor beneficiary interest I hold is owned by a trust with substantial business interests in the limited partnership. Given this intricate ownership arrangement, it is vital that this interest be

formally exempted from my bankruptcy estate. However, it is equally important that it be formally reviewed to ensure that it meets the criteria for exemption.

The reason for this request is twofold:

First, the ownership structure introduces a complex legal issue regarding the exemption of trust assets. The Bankruptcy Code allows for the exemption of certain property from the bankruptcy estate, but the determination of what may be exempt often depends on the nature of the debtor's interests. In this case, the unique ownership structure necessitates a thorough review by the bankruptcy court to determine the exempt status of the trust assets.

Second, allowing the foreclosure to proceed without first addressing the exempt status of the trust's assets poses a significant risk to the trust and its business operations. If the foreclosure proceeds and results in the sale of the property, it could jeopardize the trust's ability to maintain business operations, generate income, and meet its financial obligations. This, in turn, would adversely affect the trust's creditors, including me as the beneficiary.

**I. Stress and Delays Caused by Impending Foreclosure**

The stress and anxiety associated with the impending foreclosure on an asset in which I have a beneficiary interest have had a profound impact on my ability to effectively address the complexities of my bankruptcy filing. The property not only holds a business interest for me as a beneficiary, but also accommodates residential tenants. As a result, the potential loss of the property has far-reaching consequences for both the trust's business operations and the well-being of these residential tenants. The tenants have been also troubled causing extra stress and anxiety.

The emotional and financial toll of this situation has been substantial. The urgency to find a resolution to protect my interests, the trust, and the tenants has consumed a significant amount of my time and energy. This stress, combined with the multifaceted legal issues involved, has caused delays in focusing on the necessary bankruptcy filings.

In light of these concerns, I would also like to bring to the court's attention the fact that the bank is currently demanding approximately $4,000 to stop the foreclosure scheduled for October 20, 2023. This amount also includes a proposed forbearance agreement. However, the funds the bank is requesting to halt the foreclosure are the same funds I had earmarked to secure legal representation for my bankruptcy case, which is crucial to navigating the complex bankruptcy process effectively and protecting the interests of the trust and its creditors.

- In the Event the court does not grant my EMERGENCY MOTION FOR TEMPY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, I must provide the Defendant/s the approximately $4,000.00 in order to stop the Foreclosure Sale the Defendants set for October 20th 2023;

Given the impending October 20, 2023 bankruptcy court hearing date currently scheduled, I kindly request a 21-day extension on the upcoming hearing date to allow me the necessary time to secure the funds required to pay for my Attorneys retainer due to my funds having to go to stop the Foreclosure sale of this asset. This extension is critical to ensure that I can adequately prepare for the upcoming bankruptcy court hearing and make the necessary arrangements to protect the interests of all parties involved.

Your Honor, I respectfully request your consideration of these arguments, including the extension request, and your granting of the requested injunctive relief until such matters are addressed.

See Exh. 1-4 attached

10-18/23

# WINCHESTER, SELLERS, FOSTER & STEELE, P.C.

ATTORNEYS AT LAW
SUITE 1000, FIRST HORIZON PLAZA
800 SOUTH GAY STREET
KNOXVILLE, TENNESSEE  37929-9701

TELEPHONE (865) 637-1980
FACSIMILE (865) 637-4489
EMAIL: gfoster@wsfs-law.com

MAILING ADDRESS:
POST OFFICE BOX 2428
KNOXVILLE, TN 37901-2428

July 24, 2023

Indian Gap Investments, LLC
1707 Walnut Hill Road
Sevierville, TN  37876

Krystal Lee Whaley
1707 Walnut Hill Road
Sevierville, TN  37876

Maxwell Woolum
875 Old Town Loop Drive
Sevierville, TN 37868

RE:   **Notice of Default and Acceleration**
      **SmartBank Account No. 40271**
      **Property Secured: 3455 Bent Road, Kodak, TN 37764**
      **WSFS File No. 555.0057**

Please be advised that I represent SmartBank, ("the Bank"), and I have been authorized to contact you concerning the above referenced matter.  The Bank advises me that the Promissory Note, Commercial Guarantees and Deed of Trust executed by Indian Gap Investments, LLC, Krystal Lee Whaley, and Maxwell Woolum, dated July 19, 2019, are in default by reason of nonpayment and other matters.

The Bank's records reflect that the account is currently 41 days late as of July 20, 2023.  Your outstanding balance is in the principal amount of $161,633.66, accrued interest of $557.96 as of July 20, 2023, $12.00 in fees and $327.42 in late charges.  Also, I have been advised that your insurance lapsed on May 4, 2023, requiring the Bank to obtain force-placed insurance on the real property in the amount of **$2,717.71.**  As such, your payoff is now $165,248.75 plus interest from July 21, 2023, until paid in full.  You are also liable for any and all attorney's fees incurred by the bank as a result of non-payment. You have ten (10) days from the date of this letter to pay the loan in full.  In the event that you do not pay said past due amount on or before that deadline, the Bank will initiate foreclosure.

Repayment of the indebtedness is secured by that certain Deed of Trust and Security Agreement dated July 19, 2019, respectively. The bank has the right to initiate foreclosure of the Deed of Trust and sale said real estate. Finally, the bank has the right to exercise it rights under of the Guaranty agreements in favor of the bank at any time to demand full payment.

You should consider this letter as a formal legal notice of non-payment. If you do not act to cure the breach, the bank will exercise all legal and contractual rights available to it.

Please heed this notice and act accordingly.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Gordon D. Foster

GDF/el
pc:  SmartBank, ATTN:  Matt Daugherty

## WINCHESTER, SELLERS, FOSTER & STEELE, P.C.

ATTORNEYS AT LAW
SUITE 1000, FIRST HORIZON PLAZA
800 SOUTH GAY STREET
KNOXVILLE, TENNESSEE 37929-9701

TELEPHONE (865) 637-1980
FACSIMILE (865) 637-4489
EMAIL: gfoster@wsfs-law.com

MAILING ADDRESS:
POST OFFICE BOX 2428
KNOXVILLE, TN 37901-2428

September 19, 2023

*Via Regular Mail and Certified Mail,*
*Return Receipt Requested*

Indian Gap Investments, LP
1707 Walnut Hill Lane
Sevierville, TN 37876

Indian Gap Investments, LP
711 Dolly Parton Parkway, 4628
Sevierville, TN 37862

Indian Gap Investments, LP
3455 Bent Road
Sevierville, TN 37764

RE:    Notice of Foreclosure on Property Located at 3455 Bent Road, Kodak, TN 37764
SmartBank Account No. XXX40271
WSFS File No. 555.0057

To Whom It May Concern:

Enclosed please find a copy of a Successor Trustee's Notice of Sale which pertains to the above-referenced matter. The property described therein will be sold on the date indicated in said Notice and at the location specified therein. You should plan to vacate this property in the event of this sale.

Please contact me in the event that you have any questions.

Sincerely,

Gordon D. Foster, Successor Trustee

GDF/lbb

Enclosure

pc:    SmartBank
ATTN: Matt Daugherty

*Exhibit 3  emailed 9/29/23*

# WINCHESTER, SELLERS, FOSTER & STEELE, P.C.

ATTORNEYS AT LAW
SUITE 1000, FIRST HORIZON PLAZA
800 SOUTH GAY STREET
KNOXVILLE, TENNESSEE  37929-9701

TELEPHONE (865) 637-1980
FACSIMILE (865) 637-4489
EMAIL:  gfoster@wsfs-law.com

MAILING ADDRESS:
POST OFFICE BOX 2428
KNOXVILLE, TN 37901-2428

September 19, 2023

*Via Regular Mail and Certified Mail,*
*Return Receipt Requested*

Krystal Lee Whaley
1707 Walnut Hill Road
Sevierville, TN  37876

RE:    Notice of Foreclosure on Property Located at 3455 Bent Road, Kodak, TN 37764
Account No. 40271
WSFS File No. 555.0058

Dear Ms. Whaley:

Enclosed please find a copy of a Successor Trustee's Notice of Sale which pertains to the above-referenced matter.  I am aware of your recent bankruptcy and the fact that you may discharge this debt. This mailing is not intended as an act to collect a debt.  It is issued in compliance with Tennessee law, as you are a Co-Debtor, pending your discharge.  The property described therein will be sold on the date indicated in said Notice and at the location specified therein.  You should plan to vacate this property in the event of this sale.

Please contact me in the event that you have any questions.

Sincerely,

Gordon D. Foster, Successor Trustee

GDF/lbb

Enclosure

pc:    SmartBank
ATTN:  Matt Daugherty

From:

Krystal Lee Whaley

Sole Manager of Sole General Partner for Indian Gap Investments LP

KLWManagement@proton.me

September 25th 2023


To:

Smart Bank

Matt Daugherty

matt.daugherty@smartbank.com


c/o

Gordon D. Foster

Winchester, Sellers, Foster & Steele, PC

800 South Gay Street, Suite 1000

Knoxville, TN 37929

Phone: (865) 637-1980

Mobile: (865) 604-8196

Gfoster@wsfs-law.com



Subject: Urgent Matters Concerning Foreclosure Proceedings


Dear Mr. Foster,


I hope this letter finds you well. I am writing to address several crucial matters regarding our ongoing foreclosure proceedings. Below, I have outlined the main issues, references to associated addendums, and our corresponding requests:

**Issue 1: Notice of Default Discrepancies (Addendum #1)**

Our primary concern relates to discrepancies in the Notice of Default. Specifically, the document inaccurately refers to our entity as "Indian Gap Investments LLC" when our correct legal entity is "Indian Gap Investments LP." This discrepancy is substantial, as an LP (Limited Partnership) is distinct from an LLC (Limited Liability Company) and constitutes multiple partners within the business.

**Request:** We assert that this Notice of Default may be invalid due to this technical discrepancy. We request confirmation and verification that the federal guidelines set forth by the Consumer Financial Protection Bureau (CFPB) were followed. If not, we require an explanation of the circumstances that led to non-compliance.

**Issue 2: Timeline of Notice of Default Against CFPB Regulations (Addendum #2)**

Through your correspondence, we recently received a Notice of Default and an acceleration letter dated July 24th, 2023, despite the letter indicating that the loan was only 41 days past due on that date. We, per the notice, did not express discharge as stated, but tendered payment on Aug 2023 with the intention of the opposite. This discrepancy potentially violates CFPB federal guidelines, which stipulate a waiting period before initiating foreclosure proceedings including, but not limited to, when a Notice of Default can be legally issued per the federal regulations.

The Consumer Financial Protection Bureau (CFPB) primarily focuses on protecting individual consumers in financial transactions. However, even when a property is owned by a business entity, there are scenarios in which CFPB regulations and oversight can indirectly apply or impact the business.

**Request:** We kindly request clarification and assurance that the CFPB regulations were adhered to. Additionally, if any non-compliance is identified, we request the immediate cessation and retraction of any publications regarding the foreclosure.

**Issue 3: Confidentiality Breach and Unauthorized Communications (Addendum #3)**

Recent revelations have exposed a confidentiality breach where unauthorized parties, including a guarantor and their attorney, engaged in discussions with the foreclosure attorney concerning our property. Guarantors, in this context, do not possess the authority to discuss foreclosure proceedings or access sensitive information without proper authorization.

**Request:** We insist that all communications adhere to strict confidentiality requirements. We request a comprehensive review and report of all communications involving unauthorized parties and the enforcement of confidentiality requirements.

**Issue 4: Deception Concerns (Addendum #4)**

We have raised concerns about potential deceptive acts by the guarantor, Maxwell Woolums, who is a state-licensed principal broker, and his attorney, Lauren Boston Strange, who is licensed under the state of Tennessee. If it is determined that deceptive acts by these Tennessee State  licensees contributed to this situation, there is a requirement for the foreclosure attorney or financial institution to report any fraudulent activity to the proper authorities. However, if no deception is identified, we request an explanation of why the concerns brought up in this email did not constitute willful or intentional negligence by the foreclosure attorney themselves.

**Request:** We request a thorough evaluation of whether deceptive acts were involved and, if so, the appropriate reporting procedures to be followed.

Our Demands and Requests

In light of the issues raised above, we have the following demands and requests:

**1. Invalidation of Notice of Default:** We assert that the discrepancies in the Notice of Default render it potentially invalid. We request an examination of this matter and, if necessary, the initiation of a new Notice of Default in compliance with all regulations to avoid any potential violations of our rights and to ensure that all actions taken are in strict accordance with the law.

**2. Compliance with CFPB Regulations:** We request confirmation of compliance with CFPB regulations concerning timelines for foreclosure proceedings. Any non-compliance should be addressed promptly.

**3. Cease and Desist:**  We demand the immediate cessation and retraction of any publications or notices related to foreclosure proceedings if found to be in violation of CFPB regulations.

**4. Unauthorized Communications:** We request a comprehensive review of all communications involving unauthorized parties and the enforcement of confidentiality requirements.

**5. Negotiation of Foreclosure Attorney Fees**:  We firmly believe that discrepancies in the Notice of Default may render it potentially invalid, raising questions about the validity of attorney fees associated with foreclosure proceedings. We request a thorough breakdown of the past due amount, including late fees, penalties, principal, and interest, to ensure accurate accounting.

Considering the circumstances surrounding the discrepancies in the Notice of Default, we contend that the business should not be held responsible for attorney fees if it is determined that these discrepancies have impacted the validity of the foreclosure proceedings.

It is only fair and just that any attorney fees associated with foreclosure are assessed accurately and attributed appropriately, taking into account any potential errors or non-compliance with regulations. We respectfully request a negotiation of attorney fees to ensure a fair and lawful resolution to this matter.

**6. Deception Investigation:** We request a thorough evaluation of whether deceptive acts were involved, and if so, the appropriate reporting procedures to be followed.

In conclusion, we believe that addressing these issues promptly and diligently is essential to ensuring a fair and lawful resolution to our foreclosure proceedings. We appreciate your attention to these matters and your commitment to upholding the highest standards of compliance and fairness.

Thank you for your immediate attention to this important matter. We look forward to your prompt response and collaboration to resolve these issues satisfactorily.

Sincerely,

Indian Gap Investments LP

# Addendum 1: Notice of Default Discrepancy

In reviewing the Notice of Default (NOD) issued by Winchester, Sellers, Foster & Steele, PC, a significant discrepancy has come to our attention that merits further consideration. The NOD identifies our business entity as "Indian Gap Investments LLC," whereas, in reality, our business operates as "Indian Gap Investments LP." This seemingly minor discrepancy holds more significant implications than may appear at first glance.

1. **Divergence between LLC and LP:** It is essential to emphasize that "LLC" (Limited Liability Company) and "LP" (Limited Partnership) represent distinct business structures, each governed by its unique legal framework and requirements. The choice of structure significantly affects the organization's management, liability, and partner roles. In our case, "Indian Gap Investments LP" constitutes a Limited Partnership, characterized by multiple partners actively involved in business operations. Conversely, an "LLC" typically suggests a different organizational structure, typically managed by members without distinguishing between partners and owners.

This divergence in business structure and partner involvement underscores the importance of precise and accurate identification in legal notices and proceedings.

Given the critical nature of the discrepancy, we are compelled to raise the question of whether this inconsistency might render the entire NOD void and necessitate corrective actions in line with applicable laws and regulations. In the event of a voided NOD, we anticipate potential outcomes, including:

1. Reissuance of Notice of Default: It is conceivable that the foreclosure attorney may need to rectify the error by issuing a revised NOD, accurately identifying our business entity as "Indian Gap Investments LP."

2. Resetting the Foreclosure Timeline: If the NOD is deemed void due to this discrepancy, the foreclosure timeline may need to restart from the beginning. This may include the requirement to provide a new 90-day notice period, ensuring that all regulatory procedures are *meticulously* followed.

We acknowledge that swift resolution is in the best interests of all parties involved. As the sole general partner of Indian Gap Investments LP, I have a fiduciary duty and a vested interest in safeguarding the financial integrity of the business. It is imperative that we first discuss and rectify any improper foreclosure proceedings as they directly impact the legal fees that the foreclosure attorney may seek to charge our business.

If it is determined that the foreclosure attorney's actions were indeed based on improper notice technicalities, we assert that such fees should not be borne by our business. We firmly believe in upholding the principles of fairness and adherence to the law, and we are committed to working collaboratively to reach a resolution that aligns with these principles.

We trust that Winchester, Sellers, Foster & Steele, PC and its legal representatives will consider this matter seriously and take appropriate steps to address any potential deficiencies in the NOD, aligning with applicable laws and regulations.

# Addendum #2: Consumer Financial Protection Bureau and Foreclosure Timelines

As the sole general partner with a fiduciary duty and vested interest in the property, (which is a 1-4 residential complex with residents,) I believe it is crucial that we engage in a constructive dialogue to ensure all legal and regulatory requirements are met throughout this process.

I would like to draw your attention to the guidelines set forth by the Consumer Financial Protection Bureau (CFPB) regarding foreclosure timelines. These guidelines are designed to protect both borrowers and lenders by establishing clear procedures and timelines for foreclosure actions. In particular, I would like to emphasize the following points from the CFPB's rules:

1. 120-Day Pre-Foreclosure Period: The CFPB's regulations mandate a 120-day pre-foreclosure period during which certain actions related to foreclosure cannot be initiated. This period is intended to provide borrowers with a reasonable opportunity to explore alternatives to foreclosure, such as loan modifications or loss mitigation options.

2. Notice of Default: During this 120-day pre-foreclosure period, a notice of default cannot be issued. The CFPB's rules require that borrowers be given a reasonable amount of time to address delinquencies and seek assistance.

3. Delayed Foreclosure Filing: Additionally, foreclosure proceedings, including the filing of foreclosure actions, should not commence during this 120-day pre-foreclosure period. This delay is meant to facilitate communication between borrowers and lenders to explore potential solutions and avoid foreclosure.

Considering these regulations and their significance in foreclosure proceedings, I kindly request that you review the current status of our case in light of the CFPB's guidelines. Specifically, I would like confirmation that the 120-day pre-foreclosure period has been properly observed and that no foreclosure actions have been initiated prematurely.

I noted in an email received today that a "Notice of Default" and an "Acceleration Letter" were delivered on July 24th, 2023. However, it was also indicated in the same correspondence that the loan is past due by only 41 days on this date. This discrepancy raises concerns regarding compliance with the CFPB's guidelines.

In the interest of transparency and adherence to federal regulations, I respectfully request confirmation and verification that the CFPB's federal guidelines were followed in our case. If any circumstances led to non-compliance with these guidelines, I kindly request a detailed explanation of the reasons behind such deviation.

It is important to note that the CFPB has established penalties for foreclosure attorneys who do not abide by these federal rules. Given the seriousness of this matter, I believe it is in our mutual interest to ensure full compliance and address any discrepancies promptly to avoid potential legal repercussions and further damages to the business.

I believe that open and transparent communication is essential as we navigate through this process. Therefore, I welcome the opportunity to discuss any concerns or questions you may have regarding our

case. It is our shared interest to ensure that all aspects of the foreclosure process are conducted in strict accordance with federal and state regulations.

# Addendum #3: Confidentiality Breaches and Unauthorized Guarantor Communications

In this addendum, I will focus on the issue of confidentiality breaches arising from unauthorized communications involving a guarantor, as stipulated in the earlier section.

As the sole general partner of the business, I must emphasize the critical nature of adhering to confidentiality in all matters related to our property and financial affairs. Unauthorized parties, including guarantors, do not possess the authority to engage in discussions or receive information about proceedings such as foreclosure.

It has recently come to my attention that the foreclosure attorney was contacted by a guarantor and their attorney who, as unauthorized individuals and non-owners of the property in question, engaged in discussions and communications pertaining to foreclosure proceedings. This situation raises serious concerns about confidentiality breaches and the potential compromise of the integrity of the proceedings.

Confidentiality breaches not only raise legal and ethical concerns but can also jeopardize the integrity of the proceedings. To safeguard the rights and interests of all parties involved, it is imperative that all communications adhere to the following principles:

1. Confidentiality of Foreclosure Proceedings: Foreclosure proceedings, including notices, discussions, and negotiations, must remain confidential and restricted to authorized parties only. This ensures that sensitive information is not disclosed to individuals who lack the legal authority to participate in such discussions.

2. Affidavit of Ownership Authority: I would like to bring to your attention that there is already an affidavit of ownership authority on file at the bank, clearly stipulating who may conduct or discuss business concerning Indian Gap Investments LP's foreclosure proceedings. This document serves as a legally binding statement of ownership authority, ensuring that only authorized individuals may engage in discussions regarding foreclosure.

3. Guarantor's Limited Role: A guarantor's role is primarily limited to guaranteeing repayment obligations and does not extend to decision-making regarding proceedings such as foreclosure. Guarantors should not be privy to the details of foreclosure proceedings unless explicitly authorized to do so by the owner or authorized representative.

4. Legal Implications: Unauthorized disclosures or discussions involving guarantors can have legal implications, potentially resulting in disputes, delays, or challenges to the proceedings. It is essential to prevent such breaches to maintain the integrity of the proceedings.

5. Adherence to Regulatory Requirements: Additionally, adherence to federal and state regulations is of paramount importance. These regulations mandate specific timelines and procedures for proceedings such as foreclosure, emphasizing the need for precision and compliance.

In light of these concerns, I kindly request that you conduct a thorough review of all communications and interactions related to our foreclosure case. It is imperative to ensure that unauthorized individuals,

including guarantors, have not been privy to confidential information or discussions that are beyond their designated role.

To mitigate potential disputes and ensure a swift resolution to this matter, I seek your assurance that all parties involved, including the foreclosure attorney, have been apprised of the strict confidentiality requirements surrounding proceedings such as foreclosure. If any breaches are identified or if there are concerns regarding unauthorized communications, I kindly request an immediate review and corrective action.

Furthermore, I kindly request that the foreclosure attorney provide us with detailed records of when, how, and under what circumstances the guarantor and their attorney contacted the foreclosure attorney and discussed this account. Full disclosure of the confidentiality breach is essential for us, the sole general partner, to assess the extent of the interference in our communications.

## Addendum #6 - Deceptive Concerns and Reporting Obligations

In the course of reviewing our foreclosure proceedings and communications, we have become increasingly concerned about the potential for deceptive acts involving the guarantor, Mr. Maxwell Woolums, and his attorney, Ms. Lauren Boston Strange.

It is important to note that Mr. Woolums holds a state-issued license as a Principal Broker, and Ms. Strange is licensed to practice law in the state of Tennessee. Given their professional backgrounds, it is crucial to ensure that all parties involved uphold the highest ethical and legal standards.

Request: We kindly request a thorough investigation to determine whether any deceptive acts or practices have occurred in relation to our foreclosure proceedings. If it is determined that deceptive actions have taken place, *it is imperative that the foreclosure attorney and financial institution fulfill their reporting obligations as required by property authorities and relevant laws.*

However, if it is found that the concerns raised in this email could constitute willful or intentional negligence on the part of the foreclosure attorney and not fall on any acts committed by these licensees, we respectfully request an explanation clarifying these concerns by the foreclosure attorney.

We value your attention to these matters and trust in your commitment to maintaining the integrity of the foreclosure process.

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Krystal Lee Whaley<br>Debtor/Plaintiff<br>711 Dolly Parton Parkway #4628<br>Sevierville, TN 37862<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for Movant* | |

| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF TENNESSEE – ~~Knoxville~~ DIVISION** | |
|---|---|
| In re:<br><br>Winchester, Sellers, Foster + Steele PC Gordon Foster, Foreclosue Trustee for Smart Bank Suite 1000 First Horizon Plaza 800 South Gay Knoxville, TN ~~Debtor~~(s). | CASE NUMBER:<br>CHAPTER:<br><br>**ORDER ☐ GRANTING ☐ DENYING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br>☐ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| **Movant** *(name)*: | |

1. The Motion was:   ☐ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following property (Property):

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

☐ Equipment (describe manufacturer, type, and characteristics):

    Serial numbers(s):
    Location (if known):

☐ Other personal property (describe type, identifying information, and location):

☒ Real property:

    Street Address:
    Unit Number:                       3455 Bent Road, Kodak, TN37764
    City, State, Zip Code:

    Legal description or document recording number (including county of recording):

    Located in Sevier County – Parcel Identification Number: 016 037.10

    ☐ See attached page.

3. The Motion is granted on the grounds that:

    a. ☐ This case was filed in good faith.

    b. ☐ The Property is of consequential value or benefit to the estate.

    c. ☐ The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.

    d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is

    a. ☐ Imposed _as to all creditors_ until further order of the court.

    b. ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    c. ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

    d. ☐ Continued _as to all creditors_ until further order of the court.

    e. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    f. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☐ See attached continuation page for additional provisions.

7. ☐ The Motion is denied:   ☐ without prejudice   ☐ with prejudice   ☐ on the following grounds:

   a.  ☐ Based upon the findings of fact and conclusions of law made on the record at the hearing

   b.  ☐ Unexcused non-appearance by Movant

   c.  ☐ Lack of proper service

   d.  ☐ Lack of good cause shown

   e.  ☐ Other (*specify*):

###

# ADEQUATE PROTECTION ATTACHMENT

The automatic stay in this case is or remains in effect subject to the following terms and conditions:

1. ☐ The tendered payments at the hearing in the amount of $_____.

2. ☐ The Movant must make regular monthly payments in the amount of $_____ commencing _____. All payments due Secured Creditor/Lessor hereunder must be paid to the following address:

3. ☐ The Movant must cure the postpetition default computed through _____ in the sum of $_____ as follows:

   a. ☐ In equal monthly installments of $_____ each commencing _____ and continuing thereafter through and including _____,

   b. ☐ By paying the sum of $_____ on or before _____,

   c. ☐ By paying the sum of $_____ on or before _____,

   d. ☐ By paying the sum of $_____ on or before _____,

   e. ☐ Other:

4. ☐ The Movant must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ Upon any default in the foregoing terms and conditions, Secured Creditor/Lessor must serve written notice of default to Movant, and any attorney for Movant. If Movant fails to cure the default within 14 days after mailing of such written notice:

   a. ☐ The stay will automatically terminate without further notice, hearing or order.

   b. ☐ Secured Creditor/Lessor may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

   c. ☐ The Secured Creditor/Lessor may move for relief from the stay upon shortened notice in accordance with the LBRs.

   d. ☐ The Secured Creditor/Lessor may move for relief from the stay on regular notice.

6. ☐ Notwithstanding anything contained herein to the contrary, the Movant is entitled to a maximum of (*number*) _____ notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Movant has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Secured Creditor/Lessor is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Secured Creditor/Lessor is entitled, without first serving a notice of default and providing the Movant with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Movant's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

7.  ☐  The foregoing terms and conditions are binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Secured Creditor/Lessor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

8.  ☐  If Secured Creditor/Lessor obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief may contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

9.  ☐  Secured Creditor/Lessor may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

10.  ☐  Other (*specify*):

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Krystal Lee Whaley<br>Debtor/Plaintiff<br>711 Dolly Parton Parkway #4628<br>Sevierville, TN 37862<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE – ~~Knoxville~~ DIVISION**

| In re:<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER:<br>CHAPTER:<br><br>**ORDER ☐ GRANTING ☐ DENYING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br>☐ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
|---|---|

**Movant** *(name):*

1. The Motion was:  ☐ Opposed  ☐ Unopposed  ☐ Settled by stipulation

2. The Motion affects the following property (Property):

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

☐ Equipment *(describe manufacturer, type, and characteristics):*

   *Serial numbers(s):*
   *Location (if known):*

☐ Other personal property *(describe type, identifying information, and location):*

☒ Real property:

   *Street Address:*
   *Unit Number:*                              3455 Bent Road, Kodak, TN37764
   *City, State, Zip Code:*

   Legal description or document recording number *(including county of recording):*

   Located in Sevier County – Parcel Identification Number: 016 037.10

          ☐ See attached page.

3. The Motion is granted on the grounds that:

   a. ☐ This case was filed in good faith.

   b. ☐ The Property is of consequential value or benefit to the estate.

   c. ☐ The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.

   d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is

   a. ☐ Imposed *as to all creditors* until further order of the court.

   b. ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

   c. ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

   d. ☐ Continued *as to all creditors* until further order of the court.

   e. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

   f. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☐ See attached continuation page for additional provisions.

7. ☐ The Motion is denied:   ☐ without prejudice   ☐ with prejudice   ☐ on the following grounds:

   a. ☐ Based upon the findings of fact and conclusions of law made on the record at the hearing

   b. ☐ Unexcused non-appearance by Movant

   c. ☐ Lack of proper service

   d. ☐ Lack of good cause shown

   e. ☐ Other (*specify*):

###

# ADEQUATE PROTECTION ATTACHMENT

The automatic stay in this case is or remains in effect subject to the following terms and conditions:

1. ☐ The tendered payments at the hearing in the amount of $_____.

2. ☐ The Movant must make regular monthly payments in the amount of $_____ commencing
_____. All payments due Secured Creditor/Lessor hereunder must be paid to the following
address:

3. ☐ The Movant must cure the postpetition default computed through _____ in the sum of
$_____ as follows:

   a. ☐ In equal monthly installments of $_____ each commencing _____ and
   continuing thereafter through and including _____,

   b. ☐ By paying the sum of $_____ on or before _____,

   c. ☐ By paying the sum of $_____ on or before _____,

   d. ☐ By paying the sum of $_____ on or before _____,

   e. ☐ Other:

4. ☐ The Movant must maintain insurance coverage on the property and must remain current on all taxes that fall due
postpetition with regard to the property.

5. ☐ Upon any default in the foregoing terms and conditions, Secured Creditor/Lessor must serve written notice of
default to Movant, and any attorney for Movant. If Movant fails to cure the default within 14 days after mailing of
such written notice:

   a. ☐ The stay will automatically terminate without further notice, hearing or order.

   b. ☐ Secured Creditor/Lessor may file and serve a declaration under penalty of perjury specifying the default,
   together with a proposed order terminating the stay, which the court may grant without further notice or
   hearing.

   c. ☐ The Secured Creditor/Lessor may move for relief from the stay upon shortened notice in accordance with
   the LBRs.

   d. ☐ The Secured Creditor/Lessor may move for relief from the stay on regular notice.

6. ☐ Notwithstanding anything contained herein to the contrary, the Movant is entitled to a maximum of (*number*)
_____ notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Movant has
defaulted this number of times on the obligations imposed by this Order and has been served with this number of
notices of default, Secured Creditor/Lessor is relieved of any obligation to serve additional notices of default and
provide additional opportunities to cure. If an event of default occurs thereafter, Secured Creditor/Lessor is
entitled, without first serving a notice of default and providing the Movant with an opportunity to cure, to file and
serve a declaration under penalty of perjury setting forth in detail the Movant's failures to perform hereunder,
together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

7. ☐ The foregoing terms and conditions are binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Secured Creditor/Lessor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

8. ☐ If Secured Creditor/Lessor obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief may contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

9. ☐ Secured Creditor/Lessor may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

10. ☐ Other (*specify*):